UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SAMUEL C. PENNELLA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02327-DDC-GLR |
| | ) | |
| ACUMEN ASSESSMENTS, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS ACUMEN ASSESSMENTS, LLC AND SCOTT STACY, PSYD'S MOTION TO DISMSS

Defendants Acumen Assessments, LLC and Scott Stacy, PsyD ("Defendants"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), offer the Court their Memorandum in Support of their Motion to Dismiss.

## INTRODUCTION

Plaintiff Samuel C. Pennella, M.D., filed his Civil Complaint (Doc. 1) in this case on June 5, 2015, against four defendants: John Whipple, M.D.; Jim Wieberg, LPC; Acumen Assessments, LLC; and Scott Stacy, PsyD. He alleges a "…psychiatric evaluation was performed between May and June of 2013 by Acumen Assessments." (Civil Complaint, p. 3). He contends the defendants made diagnoses while ignoring that Plaintiff was taking particular medications, and an "inappropriate and incorrect treatment plan was developed..." *Id.*

Plaintiff's Civil Complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to state a claim upon which relief may be granted. The statute of limitations has expired.

## STANDARD OF REVIEW

"To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that 'raise a right to relief above the speculative level'

182008

and contain 'enough facts to state a claim to relief that is plausible on its face.'" *Debus v. Burlington Northern & Santa Fe Railway Co.*, 157 F. Supp. 3d 1034, 1035 (D. Kan. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. *Debus*, 157 F. Supp. at 1035, quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

While the plausibility standard does not require plaintiff's showing rise to the level of a probability, it requires more than a "sheer possibility." *Debus*, 157 F. Supp. at 1035, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d at 1177. Plaintiffs "…omit important factual material at their peril." *Bryson v. Gonzalez,* 534 F.3d 1282, 1286 (10th Cir. 2008). "While a complaint must be 'short and plain,' it must also 'show [ ]' (not merely assert) that relief is appropriate if it is true." *Id*. quoting Fed. R. Civ. P. 8(a)(2).

Although a *pro se* litigant's pleadings are to be liberally construed and held to a less stringent standard, a plaintiff's *pro se* status does not relieve him of the obligation to plead facts sufficient to show he is stating a viable claim. While technical fact pleading may not be required, the complaint "…must still provide enough factual allegations for a court to infer potential victory." *Smith v. U.S*., 561 F.3d 1090, 1104 (10th Cir. 2009). As the Tenth Circuit stated in *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), in which the court affirmed the district court's dismissal of a *pro se* plaintiff's complaint, "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citations omitted):

> This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be

granted. Moreover, in analyzing the sufficiency of plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations. (citation omitted).

*Id*.

## ARGUMENT

**A. The Statute of Limitations Has Expired on Plaintiff's Claim**

Clearly realizing he has a statute of limitations problem, Plaintiff appears to argue for application of a "[f]our year statute of repose" for Kansas medical malpractice claims under K.S.A. § 60-513. (Civil Complaint, p. 3). Under Section (c) of the provision, however, a cause of action is *only* subject to an extension beyond two years when the fact of injury *is not reasonably ascertainable until sometime after the initial act*. K.S.A. §§ 60-513(a)(7), (c); *See also Martin v. Naik*, 297 Kan. 241, 256-62, 300 P.3d 625 (2013). As the Kansas Supreme Court noted in *P.W.P. v. L.S.,* "It is clear that Kansas courts have held the objective knowledge of the injury, *not the extent of the injury*, triggers the statute both in medical and nonmedical malpractice cases. 266 Kan. 417, 425, 969 P.2d 896 (1998) (citations omitted) (emphasis added).

The application of the "discovery rule" for statute of limitations purposes is the same whether or not alleged medical negligence results in death. *Davidson v. Denning*, 259 Kan. 659, 676, 914 P.2d 936 (1996). *Davidson* involved alleged medical negligence resulting in death. The *Davidson* Court set forth the standard for application of the "discovery rule" as follows:

> The term 'reasonably ascertainable' implies some obligation to investigate the factual sources available after a tragic death. The limitations period should start on the date of death *unless* the information from which the fact of death *or negligence* can be determined was either concealed, altered, falsified, inaccurate, or misrepresented. The fact of death should be a 'starting point' for inquiry. The wrongful death plaintiff is charged with constructive knowledge of information that is available through a reasonable investigation of sources that contain the facts of the death and its wrongful causation.

*Id.* at 677-78 (emphasis added).

3

Given Plaintiff's Civil Complaint, there is no basis for the Court to conclude Plaintiff's alleged injury was not "reasonably ascertainable" when the psychiatric evaluation he identifies was performed "between May and June of 2013". (Civil Complaint, p. 3). He argues only that defendants made three separate diagnoses in connection with the psychiatric evaluation which "[ignored] the fact that particular medications were being taken by plaintiff" and an "incorrect treatment plan was developed…" *Id*. Based on Plaintiff's Civil Complaint, the statute of limitations expired in May or June 2015, two years after the psychiatric evaluation he identifies as having been performed between May and June 2013.

**B. Plaintiff's Civil Complaint Fails to Set Forth *Any* Facts Supporting Extension of the Statute of Limitations**

Plaintiff has pleaded no facts, whatsoever, supporting that his injury did not become reasonably ascertainable until some point in time *after* May or June 2013. In order to extend the statute of limitations' expiration beyond two years, as Plaintiff apparently seeks to do, he was required to plead facts sufficient to support this position in his Civil Complaint. *See Southern Star Central Gas Pipeline, Inc. v. Cline*, 754 F. Supp.2d 1257, 1262-63 (D. Kan. 2010) (party seeking to raise tolling provisions on the basis of legal disability must assert facts justifying its application in the complaint).

Plaintiff merely makes mention of the tolling provision under K.S.A. § 60-513. He makes no effort to set forth any facts from which the Court could conclude application of the provision is appropriate. He certainly offers the Court no basis for concluding his injuries were not "reasonably ascertainable" until as late as June 5, 2015—two years or more after the evaluation he places at issue and two years before he filed this lawsuit. That is what he had to establish to avoid the bar of the statute of limitations. To the contrary, Plaintiff even claims as part of his damages the "costs of the evaluation" (Civil Complaint, p. 4), thereby suggesting his

4

purported "injury" was "reasonably ascertainable" at or near the time of the evaluation in May or June 2013.

The Tenth Circuit has made clear that, even for a *pro se* plaintiff, conclusory allegations are an insufficient basis for a Court to determine that a plaintiff has stated a claim upon which relief may be granted. Absent supporting facts, the Court is left no choice but to conclude Plaintiff's alleged injury was reasonably ascertainable in May or June 2013, from which time the two-year statute of limitations would then begin to run. As such, the two-year statute of limitations provided in K.S.A. §§ 60-513(a)(7), (c) expired in May or June 2015.

Plaintiff filed his Civil Complaint (Doc. 1) on June 5, 2017, *well* after the statute of limitations expired. Accordingly, he is time-barred.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants Acumen Assessments, LLC and Scott Stacy, PsyD, hereby request that the Court dismiss Plaintiff's Civil Complaint with prejudice, and afford such other and further relief as the Court deems just and appropriate.

    Respectfully submitted:

    /s/ Steven G. Brown
    Todd A. Scharnhorst    KS #16863
    Steven G. Brown    KS #15514
    SCHARNHORST AST KENNARD GRIFFIN, PC
    1100 Walnut, Suite 1950
    Kansas City, Missouri 64106-2143
    T:    (816) 268-9400
    F:    (816) 268-9409
    E:    tscharnhorst@sakg.com
    E:    sbrown@sakg.com

    *Attorneys for Defendants Acumen Assessments, LLC and Scott Stacy, PsyD*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by United States mail, postage prepaid, on the 26th day of July, 2017, upon:

Samuel C. Pennella, M.D.
615 Grove Street
Clifton, NJ 07013
*Pro Se Plaintiff*

/s/ Steven G. Brown
*Attorney for Defendants Acumen Assessments,
LLC and Scott Stacy, PsyD*