# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SAMUEL C. PENNELLA, M.D.,

    Plaintiff,

v.

ACUMEN ASSESSMENTS, et al.,

    Defendants.

Case No. 17-2327-DDC-GLR

## MEMORANDUM AND ORDER

On June 5, 2017, pro se[1] plaintiff Dr. Samuel Pennella filed a Complaint alleging that defendants Acumen Assessments, Dr. Scott Stacy, Dr. John Whipple, and Mr. Jim Wieberg committed medical malpractice. All defendants moved to dismiss the claims in their entirety. They asserted differing reasons for dismissal. Mr. Wieberg moved for dismissal on the grounds that the court lacks personal jurisdiction over him, the Complaint fails to state a claim upon which relief may be granted,[2] and the statute of limitations bars any claims against him. Doc. 13. Mr. Wieberg also moves to strike plaintiff's Response (Doc. 30) to his motion. Acumen Assessments, Dr. Stacy, and Dr. Whipple also moved for dismissal on the ground that the statute of limitations bars plaintiff's claims. Doc. 16; Doc. 24. For reasons discussed below, the court grants defendants' Motions to Dismiss, but denies Mr. Wieberg's Motion to Strike.

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] The court does not address Mr. Wieberg's argument that the Complaint fails to state a claim upon which relief may be granted because the court agrees with Mr. Wieberg's other grounds for dismissal.

I.   **Factual Background**

Plaintiff alleges that Acumen Assessments performed a psychiatric evaluation of him between May and June 2013. Plaintiff also alleges that defendants,[3] when making three separate diagnoses, ignored the medications that plaintiff was taking. Finally, plaintiff alleges that defendant[4] developed an inappropriate and incorrect treatment plan that does not coincide with the correct diagnosis. Plaintiff contends defendants' actions violated Kansas medical malpractice law.

Plaintiff also asserts that Saba University relied on the results of the psychiatric evaluation to make a decision about plaintiff's medical school suspension. Plaintiff alleges that he would have graduated and secured employment if defendants had ordered proper treatment. Plaintiff thus alleges that defendant's incorrect treatment plan caused him to lose income.

II.  **Motion to Dismiss for Lack of Personal Jurisdiction**

Mr. Wieberg moved for dismissal of the claims against him under Fed. R. Civ. P. 12(b)(2), asserting that this court lacks personal jurisdiction over him.

A.   **Legal Standard**

A plaintiff bears the burden to establish personal jurisdiction over each defendant named in the action. *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1179–80 (10th Cir. 2014) (citation omitted). But in the preliminary stages of a case, a plaintiff's burden to prove personal jurisdiction is light. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008) (citation omitted).

---

[3]   Plaintiff does not name the defendants individually here. So, the court is unable to determine if plaintiff meant to refer to all defendants, or only some of them.

[4]   Plaintiff does not specify which defendant he refers to here.

Where, as here, the court is asked to decide a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, plaintiff, to survive the motion, must make no more than a prima facie showing of jurisdiction. *Id.* at 1056–57 (citing *OMI Holdings, Inc.*, 149 F.3d at 1091). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc.*, 149 F.3d at 1091.

To defeat a plaintiff's prima facie showing of personal jurisdiction, defendants "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Where defendants fail to controvert a plaintiff's allegations with affidavits or other evidence, the court must accept the well-pleaded allegations in the complaint as true, and resolve any factual disputes in plaintiff's favor. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

B.  **Analysis**

Plaintiff asserts the court has subject matter jurisdiction over this case under the diversity provision in 28 U.S.C. § 1332. *See* Doc. 1 at 2. In this kind of case, a plaintiff must show that exercising personal jurisdiction is proper under the laws of the forum state and that doing so comports with the Due Process Clause of the Constitution. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994) (citation omitted). Kansas' long-arm statute is construed liberally to permit the exercise of any jurisdiction that is consistent with the United States Constitution. *Id.* at 1305; *see also* K.S.A. § 60-308(b)(1)(L) & (b)(2). Thus, it is unnecessary for the court to conduct a separate personal jurisdiction analysis of Kansas law, and instead, the court may proceed directly to the due process injury. *Federated Rural Elec. Ins. Corp.*, 17 F.3d at 1305; *see also Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014)

(where the state's long-arm statute "confers the maximum jurisdiction permissible consistent with the Due Process Clause . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis." (citation and internal quotations omitted)).

This due process analysis involves a two-step inquiry: (1) first, the Court must determine whether the defendant has "minimum contacts with the forum state such that he should reasonably anticipate being haled into court there;" and (2) second, if the defendant's actions establish minimum contacts, the court must then decide "whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *AST Sports Sci., Inc.*, 514 F.3d at 1057 (citations and internal quotations omitted). Here, plaintiff has failed to make allegations sufficient to establish that Mr. Wieberg has the requisite minimum contacts with Kansas. So, he could not reasonably anticipate being haled into court here.

Mr. Wieberg has established that he is a citizen of Missouri. Doc. 13 at 9, ¶ 2 (The Decl. of James Wieberg). The Due Process Clause permits a court to exercise personal jurisdiction over a nonresident defendant so long as the defendant purposefully has established "minimum contacts" with the forum state. *Burger King*, 471 U.S. at 474. The "minimum contacts" standard is satisfied by establishing that either specific jurisdiction or general jurisdiction exists. *Rockwood Select Asset Fund*, 750 F.3d at 1179. First, a court may assert *specific* jurisdiction over a nonresident defendant "'if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *OMI Holdings, Inc.*, 149 F.3d at 1090–91 (quoting *Burger King*, 471 U.S. at 472). Second, if "a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state." *Id.* at 1091 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).

Here, plaintiff alleges that Mr. Wieberg is a citizen of Kansas. The Declaration of James Wieberg controverts this allegation. Doc. 13 at 9 ¶ 2 (Mr. Wieberg declares, under penalty of perjury, that he resides in Jefferson City, Missouri). And, plaintiff fails to assert any other facts to support his conclusory allegation about Mr. Wieberg's citizenship. The court thus finds that, for the purposes of this personal jurisdictional analysis alone, Mr. Wieberg is not a resident of Kansas. So, the court must analyze Mr. Wieberg's contacts with Kansas to determine if it may assert personal jurisdiction over him.

Plaintiff fails to allege that Mr. Wieberg has any other contacts with Kansas. Conversely, Mr. Wieberg alleges that he does not have the requisite minimum contacts with Kansas. Mr. Wieberg's Declaration establishes that he is a citizen of Missouri, and has worked in Jefferson City, Missouri as a licensed professional counselor since 1985. Mr. Wieberg's Declaration also establishes that Mr. Wieberg does not work for the State of Kansas and does not solicit or advertise to potential clients in Kansas. Finally, any services provided to plaintiff and any communications with plaintiff occurred while Mr. Wieberg was located in Missouri.

Neither party has alleged facts that allow the court to assert specific jurisdiction over Mr. Wieberg. Based on the alleged facts in Mr. Wieberg's Declaration, he has not purposefully directed his professional activities at residents of Kansas. So, this litigation does not result from alleged injuries that arise out of his professional activities in Kansas. Similarly, no facts allege that Mr. Wieberg has had general business contacts with Kansas that would allow the court to assert general jurisdiction over him.

In sum, plaintiff has failed to show that Mr. Wieberg has the requisite minimum contacts for the court to exercise either specific or general jurisdiction over him. The court thus lacks personal jurisdiction over Mr. Wieberg and dismisses him from the action without prejudice.

**III.     Motions to Dismiss for Failure to State a Claim**

Plaintiff argues that he asserted his medical malpractice claim timely and invokes what he calls the "four-year statute of repose" in Kan. Stat. Ann. § 60-513(c).  The defendants responded that the four-year aspect of § 60-513(c) does not apply here because the Complaint never alleges that plaintiff's injury was not reasonably ascertainable in May or June 2013, when plaintiff's psychiatric evaluation was conducted.

Before it turns to the statute of limitations issue, the court first must decide Mr. Wieberg's Motion to Strike (Doc. 32).  This motion asks the court to strike plaintiff's Response to Mr. Wieberg and Dr. Whipple's Motions to Dismiss.

**A.     Motion to Strike**

As a preliminary matter, plaintiff has not responded to Mr. Wieberg's Motion to Strike.  Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect.  This rule also provides, "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  D. Kan. Rule 7.4(b).  Mr. Wieberg filed his Motion to Strike on September 29, 2017.  Plaintiff had 14 days to respond.  D. Kan. Rule 6.1(d)(1).  Plaintiff thus was required to respond by October 13, 2017.  He did not.  Nevertheless, the court denies Mr. Wieberg's motion for the following reasons.

Mr. Wieberg moves to strike plaintiff's Response because it: (1) is non-responsive to Mr. Wieberg's Motion to Dismiss; (2) improperly seeks to amend the Complaint; and (3) requests the production of documents.  Doc. 32 at 1.  The court agrees in some measure with Mr. Wieberg's characterization of plaintiff's Response.  In large part, the Response does not respond to Mr.

Wieberg's Motion to Dismiss. The court also agrees that plaintiff's Response improperly asks to amend the complaint. *See* Part IV., *supra*. Finally, plaintiff's Response is not a proper procedural vehicle to request documents. *See* Fed. R. Civ. P. 34. Nevertheless, the court considers the relevant portions of plaintiff's Response. Consequently, the court has reviewed the Response in its entirety, but simply will disregard the portions that are non-responsive. The court thus denies Mr. Wieberg's Motion to Strike.

The court now turns to the substance of defendants' motions to dismiss.

B. **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the

7

elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678.

   C.   **Analysis**

As a threshold issue, the court must determine which state law applies. "[A] federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting." *Ace Property & Cas. Ins. Co. v. Superior Boiler Works, Inc.*, 504 F. Supp. 2d 1154, 1158 (D. Kan. 2007); *see also Klaxon Co. v. Stentor Elec. Mfrg. Co.*, 313 U.S. 487, 496 (1941). This court sits in Kansas and thus applies Kansas choice of law provisions.

Kansas courts follow the Restatement (First) of Conflict of Laws. *Brenner v. Oppenheimer & Co.*, 44 P.3d 364, 375 (Kan. 2002). Under the First Restatement, "[a]ll matters of procedure are governed by the law of the forum." Restatement (First) of Conflict of Laws § 585 (1934). The First Restatement categorizes statute of limitations as a procedural issue. More specifically, it provides that "[i]f [an] action is barred by the statute of limitations of the forum, no action can be maintained though [the] action is not barred in the state where the cause of action arose." *Id.* § 603. Thus, the court must determine if Kansas law imposes a statute of limitations that bars plaintiff's claims. As the following paragraphs explain, it does.

The governing Kansas law comes from Kan. Stat. Ann § 60-513. The provision provides that "[a]n action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract" must be brought within two years. Kan. Stat. Ann § 60-513(a)(7). But, another part of this statute provides:

> A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action

8

be commenced more than four years beyond the time of the act giving rise to the cause of action.

§ 60-513(c). Plaintiff asserts that the medical malpractice he claims occurred between May and June 2013. He filed his Complaint four years later on June 5, 2017. Thus, plaintiff's claims are time-barred unless "the fact of injury [was] not reasonably ascertainable until some time after the initial act."

The term "reasonably ascertainable," as applied in Section 60-513(c), "suggests an objective standard based upon an examination of the surrounding circumstances." *P.W.P. v. L.S.*, 969 P.2d 896, 901–02 (Kan. 1998) (citations omitted). "Kansas courts have held the objective knowledge of the injury, not the extent of the injury, triggers the statute both in medical and nonmedical malpractice cases." *Id.* at 902 (citations omitted). In *Davidson v. Denning*, 914 P.2d 936 (Kan. 1996), the Kansas Supreme Court analyzed the statute of limitations period for medical malpractice and wrongful death actions. *Davidson* concluded:

> K.S.A. 60-513(b) and (c) provide that the limitations period starts when the "fact of injury" becomes "reasonably ascertainable." Inherent in [the phrase] "to ascertain" is "to investigate." "Reasonably ascertainable" does not mean "actual knowledge." The "fact of injury" in a wrongful death action means the "fact of death." The limitations period should start on the date of death unless the information from which the fact of death or negligence can be determined was either concealed, altered, falsified, inaccurate, or misrepresented. The fact of death should be a starting point for inquiry. The wrongful death plaintiff is charged with constructive knowledge of information that is available through a reasonable investigation of sources that contain the facts of the death and its wrongful causation.

*Id.* (citing *Davidson*, 914 P.2d at Syl. ¶ 2). Also, a plaintiff asserting that his injury was not reasonably ascertainable must make factual allegations in his Complaint sufficient to establish a plausible basis for a finding that the injury was not reasonably ascertainable. *See S. Star Cent. Gas Pipeline, Inc. v. Cline*, 754 F. Supp. 2d 1257, 1262–63 (D. Kan. 2010) (finding that a party

9

seeking to raise tolling provisions on the basis of legal disability must assert facts justifying its application to the claims in the Complaint).

Here, plaintiff alleges that the acts of negligence took place between May and June 2013. Doc. 1 at 3. His allegations go no further. The Complaint asserts no factual allegations that might permit a finding that the putative misdiagnosis was not reasonably ascertainable in May and June 2013.

Plaintiff makes a second argument, but it fares no better than his first. Plaintiff contends that an unspecified "defendant" reviewed the 2013 findings and formally re-affirmed them in writing in June 2017. Doc. 18 at 2. So, plaintiff argues, this unspecified defendant "repeated" the medical injury in June 2017, tolling the statute of limitations until that date. *Id.* at 1–2.

Defendants Acumen Assessments and Dr. Stacy assert that plaintiff's argument tries to invoke the "continuous treatment" doctrine without ever using those words. Doc. 25 at 2. The court agrees. As the Kansas Supreme Court explained in *P.W.P. v. L.S.*, this doctrine theorizes that the statute of limitations is tolled when the provider/patient relationship continues beyond the act of negligence causing injury and lasts until a date within the applicable statute of limitations. 969 P.2d at 903. This doctrine cannot cure plaintiff's statute of limitations problems here for two reasons.

First, plaintiff's Complaint never alleges any facts that could permit a plausible finding of "continuous treatment," making it proper to apply the doctrine in this case. Mitigating this omission somewhat, however, is the factual assertion he makes in his Response to defendants' motions. *See* Doc. 18 at 2 (asserting a June 2017 re-injury not alleged in the Complaint). So, in theory, plaintiff could amend his Complaint to include allegations that might provide a basis for invoking this doctrine.

But, this merely would lead to a second obstacle, and it's one that plaintiff cannot overcome: The Kansas Supreme Court has rejected the "continuous treatment" doctrine explicitly. *P.W.P.*, 969 P.2d at 903–04; *see also Jones v. Neuroscience Assoc., Inc.*, 827 P.2d 51, 59 (Kan. 1992); *Cleveland v. Wong,* 701 P.2d 1301, 1306 (Kan. 1985); *Hecht v. First Nat. Bank & Trust Co*, 490 P.2d 649, 656–57 (Kan. 1971). After reciting the line of cases refusing to apply the doctrine to the doctor/patient relationship, the court refused to apply it to the patient/therapist relationship. *P.W.P.*, 969 P.2d at 903–04. The court reasoned:

> In cases dealing with the providing of medical services, Kansas has held that continuing treatment after the realization of injury does not toll the statute of limitations . . . We are not prepared to spawn a new and different rule . . . in situations such as the one we here face. The same rule applies to both [the organization employing the therapist] and therapist, and the statute of limitations is not tolled by the continuing interaction between patient and therapist.

*Id.*

In sum, plaintiff has failed to allege that his injury was not reasonably ascertainable in May or June 2013. And, even if he had made such allegations, Kansas law would not let plaintiff use the "continuous treatment" doctrine to solve his statute of limitations problem. The court thus finds that the two-year statute of limitations period began running between May and June 2013 and so, the statute of limitations expired between May and June 2015. It thus bars claims not filed until June 2017.

**IV. Motion to Amend**

Twice in plaintiff's Responses to defendants' Motions, plaintiff asked to amend his Complaint. *See* Doc. 18 at 4; Doc. 30 at 1. Plaintiff's attempts to amend are inappropriate. Because defendants now have filed motions to dismiss, plaintiff may no longer amend his Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). But, Rule 15 allows plaintiff to amend with the defendants' consent or the court's leave. Fed. R. Civ. P. 15(a)(2) ("In other

11

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). If a party wishes to seek the court's leave, the party must follow our court's local rules. D. Kan. Rule 15.1 provides:

> (a) Requirements of Motion. A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
>
> (1) set forth a concise statement of the amendment or leave sought;
> (2) attach the proposed pleading or other document; and
> (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

D. Kan. Rule 15.1. Plaintiff's motion does not comply with Rule 15.1. It contains no proposed pleading as an attachment.

Even if plaintiff had complied with D. Kan. Rule 15.1, the court would deny him leave to amend his Complaint for futility. Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave when justice so requires." The decision whether to grant leave to amend is within the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

Under the operative Complaint, the statute of limitations bars plaintiff's claims. Plaintiff asks to make three amendments to his Complaint. They are: (1) amend the requested relief to $40,000 for cost associated with transferring medical schools and $224,000 for lost income; (2) add an additional claim for the "formal re-affirmation" of the injury in June 2017; and (3) state

that Dr. Whipple is a clinical consultant for Acumen Assessments and the Medical Director of the Acumen Institute. Amending the requested relief and Dr. Whipple's title do not affect when plaintiff's alleged injury was reasonably ascertainable, so those amendments, even if permitted, could not cure plaintiff's statute of limitations problem. And, for the reasons stated above, plaintiff cannot toll the statute of limitations based on his putative June 2017 re-injury.

For those reasons, the statute of limitations would bar plaintiff's claims even if amended, as proposed. The court thus determines that the proposed amendments would be subject to dismissal and they thus are futile.

**V. Conclusion**

For reasons discussed above, the court grants defendants' Motions to Dismiss, but denies Mr. Wieberg's Motion to Strike.

**IT IS THEREFORE ORDERED THAT** defendant Jim Wieberg's Motion to Dismiss (Doc. 13) is granted.

**IT IS FURTHER ORDERED THAT** defendants Acumen Assessments and Scott Stacy's Motion to Dismiss (Doc. 16) is granted.

**IT IS FURTHER ORDERED THAT** defendant John Whipple's Motion to Dismiss (Doc. 24) is granted.

**IT IS FURTHER ORDERED THAT** defendant Jim Wieberg's Motion to Strike (Doc. 32) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**